IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

TERESA MILLER *on behalf of*
CHRISTOPHER MILLER,

      **Plaintiff,**

v.                                        **Case No. 3:25-cv-00605**

WEST VIRGINIA DEPARTMENT OF
HEALTH AND HUMAN RESOURCES, *et al.*,

      **Defendants.**

**PROPOSED FINDINGS AND RECOMMENDATIONS**

Pending before the Court are Plaintiff's Application to Proceed Without Prepayment of Fees and Plaintiff's motions seeking additional relief. (ECF Nos. 1, 5, 6, 7). The matter is assigned to the Honorable Robert C. Chambers, United States District Judge, and was referred to the undersigned United States Magistrate Judge by standing order for submission of proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636(b).

For the following reasons, the undersigned **FINDS** upon initial screening of the Complaint pursuant to 28 U.S.C. § 1915(e)(2) that Plaintiff fails to assert a plausible federal claim because his allegations challenge decisions made in state judicial proceedings and assert claims against defendants who are immune from suit. Accordingly, the undersigned **DENIES** Plaintiff's Application to Proceed Without Prepayment of Fees and Costs, (ECF No. 1), and respectfully **PROPOSES** that the presiding District Judge confirm and accept the following findings and **RECOMMENDS**

1

that this civil action be **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2) and that Plaintiff's pending motions, (ECF Nos. 5, 6, 7), be **DENIED AS MOOT**.

I.    <u>**Background**</u>

Plaintiff initiated this action on October 14, 2025, by filing a Complaint and an Application to Proceed Without Prepayment of Fees and Costs. (ECF Nos. 1, 2). The pleading lists Christopher Miller as the plaintiff, but the documents were signed and submitted by Teresa Miller, who states that she filed the action "on behalf of" Christopher Miller with his permission. (ECF No. 2 at 1, 4). The Complaint names as defendants the West Virginia Department of Health and Human Resources ("DHHR"), the Preston County Circuit Court, an unidentified state judge, attorney Chris Wilson, guardian *ad litem* Deandra Burton, and attorney Richard Gutmann. (*Id.* at 1-2).

The allegations arise from state criminal and child neglect proceedings involving Christopher Miller and his minor child. The pleadings contend that Christopher Miller was improperly added to a child neglect case and assert that participants in the proceedings ignored visitation orders and mishandled evidence. (*Id.* at 2-4). The pleadings further assert conflicts of interest involving the guardian *ad litem* and attorneys participating in the state proceedings. (*Id.* at 3-4). The requested relief includes declaratory and injunctive relief affecting those proceedings, including enforcement of visitation rights, removal of the guardian *ad litem*, and further investigation into the state court case. (*Id.* at 4). The pleadings also seek monetary damages. (*Id.*).

Several supplemental documents were filed following the Complaint. (ECF Nos. 5, 6, 7). One filing alleges retaliation and conflicts of interest involving participants in earlier state criminal proceedings and includes supporting materials filed as attachments. (ECF No. 5). Another filing includes numerous documents concerning unrelated litigation,

administrative complaints, and other disputes. (ECF No. 6). A further filing includes a supplemental motion asserting additional allegations and attaching exhibits, including a letter addressed to the Chief Justice of the Supreme Court of Appeals of West Virginia and an affidavit concerning parental rights. (ECF No. 7).

## II.    **Screening Standard**

Federal courts must dismiss a complaint filed by a litigant seeking to proceed *in forma pauperis* if the action fails to state a claim upon which relief may be granted or seeks relief from immune defendants. 28 U.S.C. § 1915(e)(2). A complaint must contain sufficient factual matter to state a claim that is plausible on its face. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Conclusory allegations and speculation do not satisfy federal pleading standards. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A court evaluating a complaint under § 1915(e)(2) applies the same standard that it uses to assess a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *De'Lonta v. Angelone*, 330 F.3d 630, 633 (4th Cir. 2003).

Courts construe pleadings filed by litigants proceeding *pro se* liberally. However, legal conclusions, unwarranted inferences, and unsupported speculation need not be accepted as true. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990).

## III.    **Discussion**

As discussed below, this action cannot proceed due to threshold legal doctrines that bar federal adjudication, including improper representation by a non-attorney, the absence of subject matter jurisdiction over claims challenging state court proceedings, the immunity of several defendants, and the failure of the pleadings to state a plausible federal claim.

### A. Non-Attorney Representation

The Complaint identifies Christopher Miller as Plaintiff, but it was signed and submitted by Teresa Miller, who states she filed the action on his behalf. (ECF No. 2 at 1, 4). Federal law permits parties to plead and conduct only "their own cases personally or by counsel." 28 U.S.C. § 1654. The statute confers on an individual the right to represent himself or herself, but it does not create a corresponding right to litigate on behalf of another person. *Myers v. Loudoun Cnty. Pub. Sch.*, 418 F.3d 395, 400 (4th Cir. 2005). The United States Court of Appeals for the Fourth Circuit ("Fourth Circuit") has explained that this limitation serves two important purposes: it protects the rights of the person whose interests are at stake, and it preserves the judiciary's authority to regulate those who practice before it. *Id.* at 400-01.

The rule applies even when the non-attorney is a family member or asserts permission to act for the named party. *Myers*, 418 F.3d at 401. The same principle appears elsewhere in Fourth Circuit law: a *pro se* litigant may not represent the interests of others in federal court. *Oxendine v. Williams*, 509 F.2d 1405, 1407 (4th Cir. 1975). Courts routinely dismiss actions where a non-attorney attempts to litigate claims on behalf of another individual because such representation constitutes the unauthorized practice of law. *Myers*, 418 F.3d at 400-01; *Oxendine*, 509 F.2d at 1407.

This action attempts to prosecute Christopher Miller's claims through a non-attorney representative. Teresa Miller does not purport to be counsel of record, and the pleadings do not indicate that she may lawfully represent Christopher Miller in this Court. Her assertion that she filed the action on his behalf with his permission does not cure the defect. Under 28 U.S.C. § 1654 and controlling Fourth Circuit precedent, the case cannot proceed in its present form. *Myers*, 418 F.3d at 400-01; *Oxendine*, 509 F.2d at 1407.

### B. Lack of Subject Matter Jurisdiction

Plaintiff challenges actions taken in state criminal and domestic relations proceedings. Plaintiff contends that he was improperly added to a child neglect case and that participants in those proceedings mishandled evidence and disregarded visitation orders entered by the state court. (ECF No. 2 at 2-4). Plaintiff also describes conflicts of interest involving the guardian *ad litem* and attorneys participating in the proceedings. (*Id.* at 3-4). According to the pleadings, those actions have affected Christopher Miller's parental rights and the administration of the underlying case. The requested relief includes federal court intervention in the state proceedings, enforcement of visitation rights, and removal of the guardian *ad litem*. (*Id.* at 4).

Federal district courts lack jurisdiction to review state court judgments. *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). A claim is barred under the Rooker-Feldman doctrine when the federal plaintiff complains of injuries caused by state court judgments and seeks review or rejection of those judgments. *Id.* Under the doctrine recognized in *Rooker v. Fid. Tr. Co.*, 263 U.S. 413 (1923), and *District of Columbia Ct. of Appeals v. Feldman*, 460 U.S. 462 (1983), federal district courts may not exercise appellate jurisdiction over final state court decisions. Congress vested such appellate authority exclusively in the United States Supreme Court. 28 U.S.C. § 1257.

The alleged injuries in this action stem directly from rulings and decisions made in the state proceedings. The requested relief would require this Court to examine the propriety of those rulings and effectively overturn or modify them. Federal district courts lack jurisdiction to conduct such review. *Exxon Mobil*, 544 U.S. at 284; *Davani v. Va. Dep't of Transp.*, 434 F.3d 712, 719 (4th Cir. 2006). Accordingly, to the extent that

Plaintiff seeks federal court review of injuries allegedly caused by state court decisions, the Court lacks subject matter jurisdiction over those claims.

### C. Domestic Relations Exception

The allegations arise from child neglect proceedings involving Christopher Miller's parental rights and visitation with his minor child. He challenges actions taken during those state proceedings and seeks relief that would affect the handling and administration of the case, including matters concerning the care and custody of the child. (ECF No. 2 at 2-4). He asks this Court to intervene in the state case by enforcing visitation rights, removing the guardian *ad litem*, and otherwise directing how the state matter should proceed. (*Id.* at 4).

Federal courts traditionally decline jurisdiction over matters involving domestic relations, including child custody and parental rights disputes. *Ankenbrandt v. Richards*, 504 U.S. 689, 703 (1992). The Supreme Court has long recognized that domestic relations matters are uniquely suited to resolution in state courts, which possess specialized expertise in family law and maintain ongoing supervisory authority over such proceedings. *Id.* at 703-04. For that reason, federal courts generally refrain from adjudicating disputes that would require them to determine issues of custody, visitation, or parental rights. *Id.* at 703.

The Fourth Circuit has likewise recognized that federal courts should avoid involvement in disputes that are fundamentally domestic relations matters governed by state law. *Cantor v. Cohen*, 442 F.3d 196, 202 (4th Cir. 2006). Federal adjudication of such claims would intrude upon the authority of state courts responsible for administering family law proceedings and supervising the welfare of children involved in those cases. *Id.*

Plaintiff seeks federal intervention in matters historically committed to state domestic relations courts. The relief requested would require this Court to evaluate the conduct of participants in the state proceedings and to direct the manner in which visitation and related issues are handled in the underlying case. Such relief would place this Court in the position of supervising or modifying a state domestic relations matter. Federal courts do not exercise jurisdiction over such disputes. *Ankenbrandt*, 504 U.S. at 703; *Cantor*, 442 F.3d at 202.

Consequently, to the extent Plaintiff asks this Court to intervene in the state child neglect and visitation proceedings, the claims fall within the category of domestic relations matters that federal courts decline to adjudicate.

### D. Sovereign Immunity and Non-Person Defendants

Plaintiff names the West Virginia Department of Health and Human Resources ("DHHR") and the Preston County Circuit Court as defendants. (ECF No. 2 at 1-2). Both entities are components of the State of West Virginia. DHHR is a state agency responsible for administering child welfare and related programs, and the Preston County Circuit Court operates as part of the State's unified judicial system. Claims against these entities therefore implicate both the scope of liability under 42 U.S.C. § 1983 and the State's sovereign immunity under the Eleventh Amendment to the United States Constitution.

Section 1983 provides a cause of action against a "person" who, acting under color of state law, deprives another individual of rights secured by the Constitution or federal law. 42 U.S.C. § 1983. States and state agencies, however, are not "persons" subject to suit under that statute. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). The Supreme Court explained that Congress did not intend § 1983 to override the States' traditional

immunity from suit in federal court. *Id.* at 66-67. State agencies and other arms of the State therefore cannot be sued for damages under § 1983. *Id.* at 71.

The Eleventh Amendment independently bars suits against states and their agencies in federal court unless the State has waived its immunity or Congress has validly abrogated it. *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984). This immunity extends not only to the State itself but also to entities that function as arms of the State, including state agencies and state courts. *Id.* The Court of Appeals for the Fourth Circuit has repeatedly recognized that state agencies are entitled to Eleventh Amendment immunity in federal court absent waiver or abrogation. *Lee-Thomas v. Prince George's Cnty. Pub. Sch.*, 666 F.3d 244, 248 (4th Cir. 2012).

Nothing in the pleadings suggests that West Virginia has waived its sovereign immunity for the claims asserted in this action. Congress likewise has not abrogated Eleventh Amendment immunity for claims brought under § 1983. *Will*, 491 U.S. at 66. DHHR therefore cannot be sued under § 1983 in federal court. The same principle applies to the Preston County Circuit Court, which functions as part of the State's judicial branch and is treated as an arm of the State for purposes of sovereign immunity.

DHHR and the Preston County Circuit Court are state entities that are not "persons" under § 1983 and are protected by sovereign immunity under the Eleventh Amendment. The claims asserted against those defendants therefore cannot proceed in this Court.

### E. Judicial Immunity

Plaintiff names a state court judge involved in the underlying proceedings as a defendant in this action. (ECF No. 2 at 1-2). The claims against the judge arise from actions taken while presiding over those proceedings, including rulings concerning the

handling of evidence and matters related to visitation and the administration of the case. (*Id.* at 2-4). Plaintiff contends that those rulings were improper and contributed to the alleged injuries he describes in the pleadings. (*Id.* at 3-4).

Judges are absolutely immune from civil liability for acts performed in their judicial capacity. *Mireles v. Waco*, 502 U.S. 9, 11 (1991). Judicial immunity is a longstanding doctrine designed to preserve the independence of the judiciary by shielding judges from liability arising from their judicial acts. The doctrine protects judicial decision making from collateral attack by dissatisfied litigants. *Id.*

Judicial immunity applies even when a litigant believes the judge acted erroneously, unfairly, or in excess of authority. *Id.* The Supreme Court has explained that immunity may be overcome only in two limited circumstances: when a judge acts in the complete absence of all jurisdiction or when the challenged conduct is not a judicial act. *Id.* at 11-12; *Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978). Actions taken while presiding over court proceedings, ruling on evidence, and managing the course of litigation fall squarely within the functions normally performed by a judicial officer. *Stump*, 435 U.S. at 362.

The conduct Plaintiff challenges involves decisions made by the state court judge while presiding over the underlying proceedings. (ECF No. 2 at 2-4). Nothing in the pleadings suggests that the judge acted outside the scope of judicial authority or in the absence of jurisdiction. The allegations instead challenge the correctness and fairness of rulings made during the course of the case.

Judicial immunity thus applies to the claims asserted against the state court judge, and such claims cannot proceed in this action.

### F.  Futility of Amendment

Leave to amend may be appropriate when a complaint contains pleading deficiencies that could be cured through the addition of factual allegations or clarification of the claims asserted. Federal Rule of Civil Procedure 15 provides that courts should freely grant leave to amend when justice so requires. Fed. R. Civ. P. 15(a)(2). Courts often allow amendment when a litigant proceeding *pro se* may be able to state a viable claim if given an opportunity to correct technical defects in the pleading. *Laber v. Harvey*, 438 F.3d 404, 426 (4th Cir. 2006). Leave to amend may be denied when amendment would be futile. *Id.*

The deficiencies identified in this action are not technical pleading errors. The allegations challenge decisions made during state court proceedings, seek relief that would require federal review of those proceedings, and assert claims against defendants who are immune from suit. The action also has been initiated and prosecuted by a non-attorney attempting to represent another individual. These defects concern the Court's jurisdiction and the legal viability of the claims themselves rather than the manner in which the claims were pled.

Plaintiff has also submitted several supplemental filings expanding on the allegations in the case. (ECF Nos. 5, 6, 7). Those filings do not clarify a coherent federal claim. Instead, they introduce additional disputes and grievances arising from other proceedings and unrelated matters. The additional materials therefore reinforce that the action seeks broad federal intervention in state proceedings rather than presenting a discrete federal claim that could be cured through amendment.

Amendment would not cure the jurisdictional and legal defects identified above. The claims arise from state judicial proceedings, target defendants who are immune from

10

suit, and depend on a form of representation that federal law does not permit. Under these circumstances, granting leave to amend would be futile.

Even if any individual doctrine discussed above did not independently require dismissal, the action still could not proceed. Plaintiff seeks federal court intervention in state judicial proceedings involving child neglect, visitation, and related determinations concerning a minor child. Federal courts do not function as appellate tribunals for state court litigation, nor do they supervise the conduct of state domestic relations proceedings. *Exxon Mobil*, 544 U.S. at 284; *Ankenbrandt v. Richards*, 504 U.S. 689, 703 (1992). The pleadings instead reflect disagreement with decisions made during those state proceedings and request relief that would require this Court to review or alter the course of the state case. Federal jurisdiction does not extend to such claims, and the doctrines discussed above independently and collectively preclude this action from proceeding in federal court.

## IV.    **Proposal and Recommendations**

For the reasons set forth above, the undersigned **DENIES** Plaintiff's Application to Proceed Without Prepayment of Fees and Costs, (ECF No. 1), and respectfully **RECOMMENDS** that the District Court:

1. **DISMISS** this action pursuant to 28 U.S.C. § 1915(e)(2) because the claims challenge state court proceedings, assert claims against defendants who are immune from suit, and fail to state a plausible claim for relief under federal law; and

2. **DENY AS MOOT** Plaintiff's pending motions seeking additional relief, (ECF Nos. 5, 6, 7).

The parties are notified that this "Proposed Findings and Recommendations" is hereby **FILED**, and a copy will be submitted to the Honorable Robert C. Chambers, United States District Judge. Pursuant to 28 U.S.C. § 636(b) and Rules 6(d) and 72(b) of

11

the Federal Rules of Civil Procedure, the parties shall have fourteen days (filing of objections) and three days (if received by mail) from the date of filing this "Proposed Findings and Recommendations" within which to file with the Clerk of this Court specific written objections identifying the portions of the "Proposed Findings and Recommendations" to which objection is made and the basis of such objection. Extension of this time period may be granted by Judge Chambers for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

Copies of such objections shall be provided to opposing parties, Judge Chambers, and the undersigned.

The Clerk is directed to provide a copy of this "Proposed Findings and Recommendations" to counsel of record and any unrepresented party.

**FILED:** April 6, 2026

_____
Joseph K. Reeder
United States Magistrate Judge

12