**IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**HUNTINGTON DIVISION**

CHRISTOPHER MILLER,

        Plaintiff,

v.                                                                    CIVIL ACTION NO. 3:25-00605

WEST VIRGINIA DEPARTMENT OF HEALTH AND HUMAN RESOURCES (DHHR),
PRESTON COUNTY CIRCUIT COURT,
JUDGE [NAME UNKNOWN],
ATTORNEY CHRIS WILSON,
DEANDRA BURTON, GUARDIAN AD LITEM,
ATTORNEY RICHARD GUTMAN,

        Defendants.

**MEMORANDUM OPINION AND ORDER**

This action was referred to the Honorable Joseph Reeder, United States Magistrate Judge, for submission to this Court of proposed findings of fact and recommendations for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B). The Magistrate Judge has submitted Findings of Fact and recommended that the Court dismiss this action and deny as moot Plaintiff's pending motions (ECF Nos. 5–7). *See* ECF 8, PF&R 11. Plaintiff has filed objections to the Magistrate Judge's findings and recommendations.

The Court, having reviewed the pleadings and Plaintiff's objections de novo, **ADOPTS in part** and **DECLINES TO ADOPT in part** the Magistrate Judge's Findings and Recommendations.

## BACKGROUND

### A. Plaintiff's Complaint

According to Plaintiff's Complaint, Plaintiff was named as a defendant in a child-neglect case in Preston County Circuit Court even though he was not one of the alleged perpetrators. *See* ECF 2, Compl. ¶ 14.

Plaintiff asserts that Defendant Richard Gutman, an attorney involved in the case, promised Plaintiff he would present certain exculpatory evidence to the Court. *See id.* ¶ 17. The Complaint alleges Gutman failed to do so, "falsely told Plaintiff the evidence was included, [and] coerced [Plaintiff] to sign . . . documents without reading them . . . ." *See id.* ¶ 18.

Plaintiff also alleges that, during the proceedings, the Circuit Court ordered Plaintiff to undergo a "mental capacity test . . . ." *Id.* ¶ 21. Plaintiff claims the court did not require other defendants to undergo testing even though they had "documented drug use and prior criminal convictions . . . ." *Id.* ¶ 22.

According to the Complaint, Defendant Deandra Burton, the guardian ad litem in the child-neglect case, "has a conflict of interest" because she previously represented Plaintiff's mother, Teresa Miller, and Ms. Miller filed a lawsuit against her. *Id.* ¶ 23.

The Complaint alleges Defendants violated the Americans with Disabilities Act (ADA) by requiring Plaintiff to undergo a "mental capacity test . . . ." *Id.* ¶ 29. It also claims Defendants violated Plaintiff's Fourteenth Amendment rights by "(a) wrongfully including him in the neglect case, (b) ignoring visitation orders, (c) coercing him to sign documents, (d) imposing burdensome filing requirements, and (e) targeting him due to Teresa Miller's lawsuits . . . ." *Id.* ¶ 33.

The Complaint requests the following relief: (1) a declaration that "Defendants' actions violated the ADA and Fourteenth Amendment," (2) an injunction ordering Defendants not to take

"further discriminatory actions" in the child-neglect case, (3) an order enforcing Plaintiff's right to visit his child, (4) the removal of Defendant Burton as the guardian ad litem in the child-neglect case, (5) an order directing the United States Department of Justice and Disability Rights of West Virginia to investigate the child-neglect case, and (6) a damages award.[1] *Id.* at 7.

The Complaint states that Plaintiff is "proceeding . . . through his mother Teresa Miller . . . ." *Id.* ¶ 1. It is signed by Ms. Miller, but not by Plaintiff. *See id.* at 7.

### B. Magistrate Judge Reeder's Proposed Findings and Recommendations

The Magistrate Judge concluded Plaintiff's case should be dismissed for five reasons.

*First*, he noted that non-attorneys may not "litigate on behalf of another person." PF&R 4 (citing *Myers v. Loudoun Cnty. Pub. Sch.*, 418 F.3d 395, 400 (4th Cir. 2005)). He concluded that Ms. Miller's purported representation of Plaintiff, *see* Compl. ¶ 1, is improper. *See* PF&R 4.

*Second*, he concluded the Court lacks subject-matter jurisdiction over Plaintiff's suit. *See id.* at 6. He found that Plaintiff's "requested relief would require this Court to examine the propriety of [state-court] rulings and effectively overturn or modify them." *Id.* at 5. "Federal district courts," he explained, "lack jurisdiction to conduct such review." *Id.* (citing *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005)).

*Third*, he found that the "domestic-relations exception" to federal-court jurisdiction applies to this case. *See id.* at 6 (citing *Cantor v. Cohen*, 422 F.3d 196, 202 (4th Cir. 2006)).

*Fourth*, he concluded that three of the named defendants—the West Virginia Department of Health and Human Resources, the Preston County Circuit Court, and the unnamed judge—are immune from suit. *See id.* at 8–9.

---

[1] Plaintiff also requests an award of "attorney's fees and costs if pro bono counsel is secured . . . ." Compl. 7.

*Fifth*, he determined that amending the Complaint could not cure its deficiencies. *See id.* at 10–11.

**ANALYSIS**

**A. Objections to the Proposed Findings and Recommendations**

Plaintiff raises six objections to the Proposed Findings and Recommendations. *See* ECF 9, Pl.'s Objs. 1–3.

*First*, Plaintiff objects to the Magistrate Judge's finding that Ms. Miller is engaged in improper non-attorney representation. *See id.* at 1. He asserts his mother is merely providing "clerical and procedural assistance" and that he "remains in control of the legal strategy and substance of his claims." *Id.* at 1–2.

Ms. Miller may properly provide Plaintiff with clerical assistance. [2] Plaintiff's Complaint, however, indicates Ms. Miller is playing a more substantial role in this litigation. It states that Plaintiff is "proceeding pro se through" Ms. Miller. Compl. ¶ 1; *see also* Pl.'s Objs. 1 (indicating Ms. Miller is proceeding "on behalf of" Plaintiff); ECF 5, at 1 (describing the Complaint as Ms. Miller's complaint). Also, the Complaint is signed by Ms. Miller, rather than by Plaintiff. *See* Compl. 7; *see also* Pl.'s Objs. 4.

Plaintiff's Objections propose that Ms. Miller be allowed to represent Plaintiff as his "next friend." *See* Pl.'s Objs. 2. The Court rejects this proposal. "[A] 'next friend' must provide an adequate explanation—such as inaccessibility, mental incompetence, or other disability—why the real party in interest cannot appear on his own behalf to prosecute the action." *Whitmore v. Arkansas*, 495 U.S. 149, 163 (1990). Neither Plaintiff nor Ms. Miller has provided such an explanation.

---

[2] Plaintiff's Objections say that Ms. Miller has helped Plaintiff by "typing" for him. This is acceptable as long as Ms. Miller is merely transcribing Plaintiff's words. But she may not author or substantively edit Plaintiff's filings.

*Second*, Plaintiff argues the Magistrate Judge "incorrectly concluded that this action is a prohibited appeal of a state court judgment." *Id.* at 2. The Court agrees, in part.

The "*Rooker-Feldman* doctrine" provides that federal district courts lack subject-matter jurisdiction over "proceeding[s] to reverse or modify a state-court judgment for errors of Constitutional character." *Davani v. Va. Dep't of Transp.*, 434 F.3d 712, 716 (4th Cir. 2006) (quoting *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 416 (1923)). "[I]f 'in order to grant the federal plaintiff the relief sought, the federal court must determine that the state court judgment was erroneously entered or must take action that would render the judgment ineffectual,' *Rooker–Feldman* is implicated." *Jordahl v. Democratic Party of Va.*, 122 F.3d 192, 202 (4th Cir. 1997). The doctrine does not, however, prevent a district court from adjudicating "the constitutionality of the process by which the state court decisions resulted." *Id.* Nor does it bar "forward-looking, general challenges to state-court practices." *Shafizadeh v. Bowles*, 476 F. App'x 71, 73 (6th Cir. 2012).

The Court lacks jurisdiction to issue some of Plaintiff's requested relief. Removing Defendant Burton as the guardian ad litem in the child-neglect case would require the Court to overturn a state-court decision—the decision to appoint Ms. Burton in the first place. Plaintiff's request for a damages award, meanwhile, is barred by the *Rooker-Feldman* doctrine to the extent it seeks damages for a state-court decision (for example, the Circuit Court's decision to require Plaintiff to undergo a competency test). *See Jordahl*, 122 F.3d at 202. But *Rooker-Feldman* does not strip the Court of jurisdiction over Plaintiff's damages claims against Defendant Gutman. *See Washington v. Wilmore*, 407 F.3d 274, 278, 280 (4th Cir. 2005). Nor does the doctrine preclude the Court from issuing a declaratory judgment or a forward-looking injunction. Thus, while the

*Rooker-Feldman* doctrine limits the permissible scope of Plaintiff's action, it does not compel dismissal.

*Third*, Plaintiff objects to the Magistrate Judge's conclusion that dismissal is warranted because of the "domestic relations exception." *See* Pl.'s Objs. 2. As the PF&R explains, "federal courts generally refrain from adjudicating disputes that would require them to determine issues of custody, visitation, or parental rights." PF&R 6. Accordingly, the Court lacks power to enforce Plaintiff's child visitation rights, as he requests. *See Ankenbrandt v. Richards*, 504 U.S. 689, 703 (1992). But the domestic-relations exception does not prevent this Court from exercising jurisdiction over Plaintiff's other claims and requests for relief. *See id.* at 701–702 (holding that the domestic-relations exception does not "strip the federal courts of authority to hear cases arising from the domestic relations of persons unless they seek the granting or modification of a divorce or alimony decree").

*Fourth*, Plaintiff argues that the Magistrate Judge "misapplies immunity doctrines . . . ." Pl.'s Objs. 2. Plaintiff objects to the Magistrate Judge's invocation of both state sovereign immunity and judicial immunity. *See id.* at 2–3.

The Magistrate Judge correctly applied state sovereign immunity. As the PF&R explains, Congress has not waived sovereign immunity for states and their agencies for claims brought under 42 U.S.C. § 1983. *See* PF&R 7–8 (citing *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 66–67, 71 (1989)). Plaintiff correctly points out that the *Ex parte Young* doctrine "authorizes 'suits against state officers for prospective equitable relief from ongoing violations of federal law.'" *Franks v. Ross*, 313 F.3d 184, 197 (4th Cir. 2002) (quoting *Lytle v. Griffith*, 240 F.3d 404, 408 (4th Cir. 2001)); *see* Pl.'s Objs. 2. But since the DHHR and the Preston County Circuit Court are state agencies, rather than state officials, they are immune from Plaintiff's claims.

The Magistrate Judge erred, however, in applying judicial immunity. While the state judge named in Plaintiff's Complaint is immune from damages liability, *see Mireles v. Waco*, 502 U.S. 9, 11 (1991), "judicial immunity is not a bar to prospective injunctive relief against a judicial officer acting in her judicial capacity," *Pulliam v. Allen*, 466 U.S. 522, 541–42 (1984).

The Magistrate Judge did not address whether Defendants Wilson, Burton, and Gutman are immune from Plaintiff's claims. Wilson and Gutman do not appear to be state agencies or judicial officers. Thus, the Court cannot conclude, at this stage, that they have immunity. Defendant Burton, however, enjoys "quasi-judicial immunity" from Plaintiff's claims. *Fleming v. Asbill*, 42 F.3d 886, 889 (4th Cir. 1994); *see also id.* ("[J]udges, prosecutors, witnesses, and other actors in the judicial process are immune from § 1983 . . . liability for misfeasance of their duties."). Accordingly, Plaintiff's damages claim against Burton must be dismissed.

*Fifth*, Plaintiff objects to the Magistrate Judge's conclusion that amending Plaintiff's Complaint would be futile. *See* Pl.'s Objs. 3. As discussed above, amending the Complaint would allow Plaintiff to correct his (apparently misleading) assertion that he is "proceeding through" his mother. But amendment could not cure the Court's inability to issue much of Plaintiff's requested relief, nor could it abrogate DHHR, the Circuit Court, Burton, and the unnamed judge's immunity.

*Sixth*, Plaintiff argues the "PF&R failed to consider or address material factual allegations . . . ." *Id.* at 3. In particular, Plaintiff asserts the PF&R ignores Plaintiff's allegation that the prosecutor in the child-neglect case indicted Plaintiff even though she knew he had an alibi. *See id.* at 3. Plaintiff also claims the Magistrate Judge failed to consider Plaintiff's allegedly disparate treatment compared to the other defendants in the case. *See id.* at 3–4. Even if the Magistrate Judge "failed to consider" these facts, there is no indication such failure contributed to his legal conclusions. Accordingly, the Court overrules this objection.

## B. Failure to State a Claim

Given the Court's partial rejection of the PF&R, the following claims and requests for relief remain: (1) Plaintiff's request that the Court declare the actions of Wilson, Burton, Gutman, and the unnamed judge unlawful, (2) Plaintiff's request for an injunction against Wilson, Burton, Gutman, and the unnamed judge, and (3) Plaintiff's request for damages against Wilson and Gutman. While the Court disagrees with the Magistrate Judge's grounds for recommending dismissal of these claims, the Court will still dismiss them for failure to state a claim upon which relief can be granted.

Under Federal Rule of Civil Procedure 12(b)(6), a complaint must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The "[f]actual allegations must be enough to raise a right to relief above the speculative level . . . ." *Id.* at 555. While the complaint "does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* (internal citations omitted) (quoting *Conley v. Gibson*, 255 U.S. 41, 47 (1957)).

Here, Plaintiff has not plausibly alleged that Wilson, Burton, Gutman, and the unnamed judge violated the ADA or the Fourteenth Amendment.

*First*, Plaintiff's Complaint barely discusses Defendant Wilson, stating only that Wilson "is an attorney involved in" the child-neglect case and that Wilson has "contribut[ed] to prejudice against Plaintiff." Compl. ¶ 10. This, alone, does not indicate Wilson has violated the ADA or the Fourteenth Amendment.

*Second*, while Plaintiff alleges Defendant Burton is serving as a guardian ad litem in the child-neglect case despite a conflict of interest, § 1983 only creates a cause of action for suits

against state actors or against those "engaged in the state's actions." *DeBauche v. Trani*, 191 F.3d 499, 506 (4th Cir. 1999). "[G]uardians ad litem are not state actors for purposes of § 1983, because they give their undivided loyalty to the minor, not the state." *Mello v. Anderson*, Civ. A. No. 6:24-cv-5964, 2025 WL 2549099, at *3 (D.S.C. July 16, 2025) (quoting *Parkell v. South Carolina*, 687 F. Supp. 2d 576, 587 (D.S.C. 2009)). Thus, Plaintiff has failed to state a claim against Defendant Burton.

*Third*, Plaintiff has not alleged that Defendant Gutman is a state actor or was engaged in the state's actions when he committed the alleged conduct. The Complaint seems to indicate Gutman was representing Plaintiff in the child-neglect case. *See* Compl. ¶ 17. Neither private attorneys nor public defenders are state actors under § 1983. *See Deas v. Potts*, 547 F.2d 800, 800 (4th Cir. 1976) (private attorneys); *Polk Cnty. v. Dodson*, 454 U.S. 312, 319–23 (1981) (public defenders).

*Fourth*, ordering Plaintiff to undergo a "mental capacity test" did not plausibly violate the ADA. Plaintiff's Complaint alleges the judge overseeing the child-neglect case violated Title II of the ADA, which provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132. But the Complaint never alleges Plaintiff was denied any services as a result of the test. Accordingly, Plaintiff has failed to state a claim against the unnamed judge.

## CONCLUSION

The Court **ADOPTS in part** and **DECLINES TO ADOPT in part** the Magistrate Judge's Findings and Recommendations. The Court **DISMISSES** Plaintiff's claims against Defendants West Virginia Department of Health and Human Resources, Preston County Circuit Court, and

Deandra Burton **with prejudice**. The Court **DISMISSES** Plaintiff's claims against Defendants Judge [Name Unknown], Chris Wilson, and Richard Gutman **without prejudice**. The Court **DENIES as moot** Plaintiff's Supplemental Motion to Add Evidence: Retaliation and Conflict of Interest Under ADA Title II and 42 U.S.C. § 1983 (ECF 5), Motion to Submit Evidence of Retaliation and Prejudice and Object to Court-Ordered Assessment (ECF 6), and Supplemental Motion to Amend Complaint and Add Evidence (ECF 7).

The Court **DIRECTS** the Clerk to forward copies of this written opinion and order to all counsel of record, and any unrepresented parties.

ENTER:     May 5, 2026

ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE